IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:03 cr 102

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GEORGE ARTHUR POHL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard and being heard before the undersigned upon a Violation Report (#24) and an Addendum (#25) to the Violation Report filed in the above entitled cause on September 6, 2013 (#24) and September 30, 2013 (#25) by the United States Probation Office. In the Violation Report and the Addendum, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his

1

attorney, admitted the allegations contained in the Violation Report and in the Addendum to the Violation Report. The Government introduced, without objection, the Violation Reports into evidence.

Defendant was charged in a petition (#17) that alleged that Defendant has violated terms and conditions of his supervised release. An initial appearance was held before the undersigned for Defendant on July 29, 2013 and at that time, the undersigned released Defendant on terms and conditions of pretrial release. The conditions of pretrial release included the following:

(1) The Defendant must not violate any federal, state or local law while on release.

(3) Defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number.

(8)(s) Defendant must participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.

(ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court

appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer.

On September 1, 2013, Defendant left his residence without permission. He failed to notify his supervising officer of his whereabouts and further failed to notify the Court, defense counsel, and U.S. Attorney, in writing, before there was any change in his address or telephone number. On September 3, 2013, in Jackson County, NC, Defendant committed the offense of two counts of resisting a public officer, in violation of N.C.G.S. § 14-223.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a

danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a state crime while on release. Defendant was arrested in Jackson County, NC on September 3, 2013 on two counts of resisting a public officer in violation of N.C.G.S. § 14-223.

There has been further shown by clear and convincing evidence that Defendant violated the condition of release that required him to be on home detention and further that he violated the term and conditions of pretrial release that required him to advise the Court, his defense counsel, and the U.S. Attorney, in writing, before there was any change in his address or telephone number.

Based upon the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety or any other person or the community. It is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: October 2, 2013

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge